IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| PATRICIA STAPP, Serve at: 4408 S. Main Joplin, Missouri 64804 | ) ) ) ) ) | Case No. |
| and | ) ) | |
| MICHAEL ROGERS, Serve at: 1645 E. 541st Road Brighton, Missouri 65617-7224 | ) ) ) ) ) | |
| Defendants. | ) | |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW State Farm Fire and Casualty Company ("State Farm"), by and through its counsel, and pursuant to 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57, states and alleges as follows:

1.      State Farm is an insurance company organized and incorporated under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois. As such, State Farm is a citizen of the State of Illinois.

2.      Defendant Patricia Stapp is a citizen of the State of Missouri who resides and may be served with process at 4408 S. Main, Joplin, Missouri 64804.

3.      Defendant Michael Rogers is a citizen of the State of Missouri who resides and may be served with process at 1645 E. 541st Road, Brighton, Missouri 65617-7224.

4.      Jurisdiction is proper pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and an amount in controversy that exceeds $75,000.00, exclusive of costs and interest.

5.      Venue is proper in this district, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this lawsuit took place here, and because Defendants are citizens and residents of this district, and as more fully set forth below.

6.      This action is filed in the United States District Court for the Western District of Missouri, Southern Division at Springfield, Missouri, and arose out of an incident occurring in Greene County, Missouri. Thus, venue is proper pursuant to Local Rules 3.2(a)(3)(A) and 3.2(b)(2).

## GENERAL ALLEGATIONS

7.      State Farm hereby incorporates paragraphs 1 through 6 of its Complaint for Declaratory Judgment as if fully set forth herein.

8.      On or about January 24, 2018, a fire occurred at property located at 524 N. Cedarwood Avenue in Republic, Greene County, Missouri (hereinafter referred to as "the Property").

9.      At all times relevant thereto, Defendants reported that they occupied the Property as a residence, and that they had personal property at said location.

10.      Prior to the aforementioned fire, on or about January 16, 2018, State Farm issued an insurance policy to Defendant Patricia Stapp, Policy No. 25-CW-S506-2, for

the above-referenced Property. A true and correct copy of said insurance policy is attached hereto as Exhibit "A."

11.    Subsequent to the aforementioned fire, State Farm was notified that the fire had occurred and that damages had been sustained. Defendants proceeded with making a claim under the provisions of the insurance policy requesting insurance coverage.

12.    State Farm proceeded with its investigation and determined that the origin of the fire was suspicious. Through expert investigation, State Farm eliminated electrical sources, including an alleged space heater, as the origin of the fire and through evidence obtained from the fire scene, determined that there were questions as to coverage under the provisions of the insurance policy it had issued.

13.    On or about February 22, 2018, State Farm sent each Defendant a letter explaining State Farm's Reservation of Rights. True and correct copies of said Reservation of Rights letters are attached hereto as Exhibits "B" and "C".

14.    The policy of insurance issued by State Farm provides for certain duties after loss. In pertinent part, under SECTION I – CONDITIONS, the insurance policy issued by State Farm under which Defendants made a claim, provides as follows:

> 2.    **Your Duties After Loss.** After a loss to which this insurance may apply, _**you**_ must cooperate with _**us**_ in the investigation of the claim and also see that the following duties are performed:

. . . . _See_ Exhibit A at 20 (emphasis ours).

> * * *

> d.    as often as we reasonably required:
>
>     (2)    provide us with any requested records and documents and allow us to make copies;

101743197.v1

        (3)     while not in the presence of any other insured:

             (a)     give statements; and

             (b)     submit to examinations under oath; and

        (4)     produce employees, members of the insured's household, or others for examination under oath to the extent it is within the insured's power to do so; and

    e.     submit to us, within 60 days after the loss, your signed, sworn proof of loss that sets forth, to the best of your knowledge and belief:

        (1)     the time and cause of loss;

        (2)     interest of the insured and all others in the property involved and all encumbrances on the property;

        (3)     other insurance that may cover the loss;

        (4)     changes in title or occupancy of the property during the term of this policy;

        (5)     specifications of any damaged structure and detailed estimates for repair of the damage;

        (6)     an inventory of damaged or stolen personal property described in 2.c.;

        (7)     receipts for additional living expenses incurred and records supporting the fair rental value loss; and

    * * *

    Your Sworn Statement in Proof of Loss is an important document in the claim handling process and your policy requires it to be properly completed, signed, notarized and returned within 60 days. Please fill in each and every blank on the Sworn Statement in Proof of Loss and submit it according to the policy conditions.

*See* Exhibit "A".

    15.    The policy of insurance issued by State Farm further states, in pertinent

part, under SECTION I AND SECTION II – CONDITIONS:

101743197.v1

17. **Duties Regarding Claim Information**. An **insured** or a legal representative acting on an **insured's** behalf must provide **us** with any requested authorizations related to the claim. **Our** rights as set forth under **Our Rights Regarding Claim Information** of this policy will not be impaired by any:

a. authorization related to the claim; or

. . . . *See* Exhibit "A" at 33 (emphasis ours).

16. On or about February 12, 2018, State Farm advised Defendant Stapp of the aforementioned **Condition** and **the Duties after Loss**. A true and accurate copy of said letter is attached hereto as Exhibit "D".

17. Thereafter, consistent with the provisions of the insurance policy as set forth above, State Farm demanded that Defendants proceed with providing a sworn statement and proof of loss, and that Defendants appear for scheduled examinations under oath and that they produce requested records and documents. Despite numerous requests, Defendants either failed to appear, failed to respond, failed to produce records and/or documents, and did not provide an examination under oath, or cooperate in State Farm's investigation, all in violation of the insurance policy provisions set forth above.

18. In violation of the insurance policy requirements, the Defendants have not cooperated with State Farm in the production of documents and records as required by the Policy as follows.

a. On February 6, 2018, State Farm requested "contents collaboration" documents from Defendants.

b. On February 12, 2018, State Farm requested "proof of loss" documents and "authorization" documents from Defendant Stapp. *See* Exhibit "D".

c.  On March 15, 2018, State Farm requested the contents collaboration, the proof of loss, the authorization, and the Contract for Deed on the Property listing them both as buyers.

d.  On March 20, 2018, State Farm notified Defendants that they were in breach of their duties under the Policy.

e.  On April 4, 2018, State Farm again requested the contents collaboration, proof of loss, authorization, and Contract for Deed.

f.  Defendants failed to submit the foregoing documents and records upon request, and therefore were in violation of the Policy terms.

19.  On or about April 18, 2018, State Farm sent each Defendant an updated letter explaining State Farm's Reservation of Rights, copies of which are attached hereto as Exhibits "E" and "F".

20.  On May 10, 2018, State Farm attempted through counsel to take a sworn examination under oath of each Defendant. Defendant Rogers appeared as scheduled but shortly after the commencement of the examination under oath, terminated the examination before completion. Defendant Stapp did not appear as scheduled on that date, nor did either produce records and documents as requested.

21.  On November 13, 2018, State Farm again appeared with counsel to complete the examinations under oath and to review records and documents of Defendants as previously scheduled. Again, despite prior agreement on scheduling, Defendants failed to appear and violated the policy requirements for an examination under oath, cooperation, and the production of records and documents.

22.  Upon information and belief, the owners of the subject property are Harold Rogers and Linda Rogers.

23.     On or about October 6, 2016, Harold Rogers and Linda Rogers entered into a Contract for Deed ("The Agreement") with Defendant Rogers for purchase of the subject property.

## COUNT I

### DEFENDANTS BREACHED THEIR DUTY OF COOPERATION TO STATE FARM, WHICH PREJUDICED ITS INVESTIGATION.

24.     State Farm hereby incorporates paragraphs 1 through 23 of its Complaint for Declaratory Judgment as if fully set forth herein.

25.     Under Missouri law, State Farm entered into a valid agreement for insurance with Defendant Stapp. *See Clemmons v. Kansas City Chiefs Football Club, Inc.*, 397 S.W.3d 503, 506 (Mo. Ct. App. W.D. 2013) (quoting *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661, 662 (Mo. *en banc* 1988).

26.     Under Missouri law, State Farm retains the right to a complete investigation of a claim, including examinations. *See Union Ins. Co. of Providence v. Williams*, 261 F. Supp. 2d 1150, 1152 (Mo. E.D. 2003) (holding that cooperation clauses are valid and enforceable under Missouri law).

27.     As more fully set out in Paragraphs 14 and 15, Defendant Stapp's Policy requires hers and Defendant Rogers' cooperation.

28.     Under Missouri law, State Farm retains the right to complete its investigation. As more fully set out in Paragraph 18 a-f, State Farm requested Defendants' cooperation through production of certain records and documents and submission to examinations under oath.

101743197.v1

29.     As more fully set out, Defendants failed to cooperate in the investigation.

30.     As more fully set out, Defendants failed to provide the documents and records requested by State Farm.

31.     As more fully set out, Defendants failed to submit to examinations under oath.

32.     Defendants' breach of the policy has materially prejudiced State Farm's rights and investigation as follows:

    a.     As a matter of law, prejudice exists when the insured fails to comply with a reasonable examination request because the insured has "perhaps the greatest knowledge of the circumstances." See Roller v. Am. Modern Home Ins. Co., 484 S.W.3d 110, 116 (Mo. Ct. App. W.D. 2015) (quoting In re Am. Wood Concepts, LLC, No. 08-50791, 2010 WL 1609690, at *4 (Mo. W.D. Apr. 20, 2010).

    b.     Under Missouri law, State Farm's right to a complete investigation extends to records and documents in Defendants' possession. *See Roller v. Am. Modern Home Ins. Co.*, 484 S.W.3d 110, 117 (Mo. Ct. App. W.D. 2015).

    c.     As set forth above, Defendants repeatedly, willfully, and without excuse refused cooperation, discovery of documents, and submission to examinations under oath. *See Farm Bureau Town & Country Ins. Co. of Mo. v. Crain*, 731 S.W.2d 866, 871 (Mo. Ct. App. S.D. 1987); *E. Attucks Cmty. Hous., Inc. v. Old Republic Sur. Co.*, 114 S.W.3d 311, 327 (Mo. Ct. App. W.D. 2003) (stating "we have no quarrel with the fact that an insured's refusal to answer questions under oath as to the underlying material facts of the claim can bar recovery.").

    d.     Given Defendants' refusal to cooperate, State Farm can disclaim coverage. *See id.*

33.     As more fully set out, State Farm diligently tried to secure Defendants' cooperation in its investigation.

34.     Defendants materially prejudiced State Farm by denying it the opportunity to complete an investigation.

101743197.v1

**<u>Preservation of Any and All Additional Coverage Defenses or Claims</u>**

35.     In addition to the aforementioned coverage defense, State Farm may have other coverage defenses such to void, limit, or exclude coverage and/or damages. However, due to Defendants' failure to provide their examinations under oath, State Farm lacks sufficient evidence to specifically assert the same in good faith.

36.     State Farm further affirmatively states it does not waive any defenses that may exist to either claims by Defendants or others, including Linda Rogers, Harold Rogers, and/or their insurance company with regard to any loss or claim for damages under the provisions of the State Farm insurance policy.

## <u>REQUEST FOR RELIEF</u>

For all of the foregoing reasons, State Farm requests this Court to find, declare, and finally adjudicate as follows:

37.     A declaration of the Court that the Policy issued by State Farm to Defendant Stapp does not provide for Property Coverages with respect to the January 24, 2018 fire at the Property due to Defendants' breach of the Policy terms;

38.     A declaration of the Court that the Policy issued by State Farm to Defendant Stapp does not provide for Liability Coverages with respect to the January 24, 2018 fire at the Property due to Defendants' breach of the Policy terms;

39.     State Farm further requests this Honorable Court:

a.     decree that, by seeking Declaratory Judgment on this basis, State Farm does not waive any coverage defenses or future claims available to it now or in the future with regard to the Loss, Claim, Patricia Stapp, Michael Rogers, Harold Rogers, Linda Rogers and/or Policy 25-CW-S506-2;

101743197.v1

b. including, but not limited to, a claim for subrogation for the loss on or about January 24, 2018, for the fire damage at the Property;

c. State Farm's costs and attorneys' fees incurred herein; and

d. All other and further relief as the Court deems just, equitable, and proper under the circumstances.

**WHEREFORE,** State Farm Fire and Casualty Company requests declaratory judgment as identified above and any other relief that may be necessary to achieve justice.

WALLACE SAUNDERS P.C.

BY:  */s/ James L. Sanders*
     James L. Sanders    MO #34472
     200 NE Missouri Rd. Suite 224
     Lee's Summit, MO 64086
     (816) 251-4544
     (913) 888-1065/FAX
     jsanders@wallacesaunders.com

ATTORNEY FOR STATE FARM FIRE AND CASUALTY COMPANY

101743197.v1