IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 6:19-CV-03336-SRB |
| PATRICIA STAPP and MICHAEL ROGERS, | ) ) ) ) ) | |
| Defendants. | ) | |

## SUGGESTIONS IN SUPPORT OF STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT

Based on the following arguments and authorities, State Farm Fire and Casualty Company ("State Farm") submits that there is no genuine issue of material fact, and that Plaintiff is entitled to judgment as a matter of law.

## Standard of Review

Federal Rule of Civil Procedure 56(a) provides that party is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Summary judgment "should…be granted so long as whatever is before the district court demonstrates that the standard for entry of summary judgment…is satisfied." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Further, the Supreme Court recognized in *Celotex* that the "[s]ummary judgment procedure is properly regard not as a disfavored shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* at 327 (quoting Fed. R. Civ. P. 1).

101818261.v3

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC,* 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

Notably, once the moving party has made and supported their motion, the nonmoving party must proffer admissible evidence demonstrating a genuine dispute as to a material fact. *See Holden v. Hirner,* 663 F.3d 336, 340 (8th Cir. 2011). A party opposing summary judgment 'may not rest upon mere allegation or denials of his pleading, but must set forth specific acts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).

This case is particularly appropriate for summary judgment because it involves interpretation and application of unambiguous provisions in the Insurance Policy issued by State Farm to Defendant Stapp. As this Court has recognized, "[i]n disputes involving the interpretation of unambiguous contracts, the Eighth Circuit has consistently upheld the appropriateness of summary judgment.'" *Riggins v. American Family Mut. Ins. Co.*, 281 F. Supp. 3d 785, 787 (W.D. Mo. 2017) (quoting *Victor v. Home Sav. of Am.*, 645 F. Supp. 1486, 1489 (E.D. Mo. 1986)).

## UNCONTROVERTED FACTS

1. On January 24, 2018, a fire occurred at 524 N. Cedarwood Avenue, Republic, Greene County, Missouri. (Doc. #1, Complaint, Para. 8)

2. At the time of the fire, State Farm Policy No. 25-CW-S506-2 which was issued to Defendant Stapp was in effect. (Doc. #1, Complaint, Para. 10)

3. Subsequent to the fire, Defendants sought to make a claim on the aforementioned policy for damages regarding the fire (Doc. #1, Complaint, Para. 11). *See Exhibit D (*Certified Copy of Insurance Policy)

4. The aforementioned Insurance Policy provides that State Farm is entitled to:

   a. Cooperation in its investigation of the loss;

   b. Examinations Under Oath; and

   c. Records Requests

*See Exhibit D.*

5. In violation of the insurance policy requirements, the Defendants have not cooperated with State Farm and its counsel in the production of documents and records as required by the Policy as follows:

   a. On February 6, 2018, State Farm requested "contents collaboration" documents from Defendants.

   b. On February 12, 2018, State Farm requested "proof of loss" documents and "authorization" documents from Defendant Stapp.

   c. On March 15, 2018, State Farm requested the contents collaboration, the proof of loss, the authorization, and the Contract for Deed on the Property listing them both as buyers.

   d. On March 20, 2018, State Farm notified Defendants that they were in breach of their duties under the Policy.

   e. On April 4, 2018, State Farm again requested the contents collaboration, proof of loss, authorization, and Contract for Deed.

   f. Defendants failed to submit the foregoing documents and records upon request, and therefore were in violation of the Policy terms.

*See Exhibit A, Affidavit of Corporate Representative of State Farm.*

6. On or about April 18, 2018, State Farm sent each Defendant an updated letter explaining State Farm's Reservation of Rights, copies of which are attached hereto as *Exhibits B* and *C*.

7. On May 10, 2018, State Farm attempted through counsel to take a sworn examination under oath of each Defendant. Defendant Rogers appeared as scheduled but shortly after the commencement of the examination under oath, terminated the examination before completion. Defendant Stapp did not appear as scheduled on that date, nor did either produce records and documents as requested. *See Exhibit A and Exhibit E (*Transcript of Terminated Examination Under Oath of Michael Rogers)*.*

8. On November 13, 2018, State Farm again appeared with counsel to complete the examinations under oath and to review records and documents of Defendants as previously scheduled. Again, despite prior agreement on scheduling, Defendants failed to appear and violated the policy requirements for an examination under oath, cooperation, and the production of records and documents. *See Exhibit A.*

## ARGUMENT

The interpretation of an insurance policy is a question of law. *Interstate Bakeries Corp. v. OneBeacon Ins. Co.,* 686 F.3d 539, 543 (8th Cir. 2012) (citing *McCormack Baron Mgmt. Serv., Inc. v. American Guar. & Liab. Ins. Co.*, 989 S.W.2d 168, 171 (Mo. banc. 1999)). In a declaratory judgment action, the insured bears the burden of proving coverage under the policy. *Wood v. Safeco Ins. Co. of America,* 980 S.W.2d 43, 47 (Mo. App. E.D. 1998). The insurer bears the burden of proving the applicability of any coverage exclusion. *Id.* Under Missouri law, Defendants refusal to answer questions under oath as to the underlying material facts of the claim can bar recovery. *E. Attucks Cmty. Hous.,*

*Inc. v. Old Republic Sur. Co.,* 114 S.W.3d 311, 327 (Mo. Ct. App. W.D. 2003). The intentional policy violations and lack of cooperation by Defendants has prejudiced State Farm's ability to timely and fairly investigate the claim and is in violation of the material provisions of the Policy. *See Union Ins. Co. of Providence v. Williams,* 261 F. Supp. 2d 1150, 1152 (Mo. E.D. 2003).

"Prejudice can be established when the insured fails to comply with a reasonable examination request because the insured has 'perhaps the greatest knowledge of the circumstances[.]'" *Roller v. Am. Modern Home Ins. Co.*, 484 S.W.3d 110, 116 (citing *In re Am. Wood Concepts, LLC,* No. 08-50791, 2010 WL 1609690 at *4 Bank.* (W.D. Mo. Apr. 20, 2010)).

State Farm made reasonable requests pursuant to the terms of the policy which were ignored and rejected by Defendants. Due to their actions (or inactions), Defendants unduly prejudiced State Farm's ability to reasonably investigate and substantiate the purported loss.

The policy of insurance issued by State Farm provides for certain duties after loss. In pertinent part, under SECTION I – CONDITIONS, the insurance policy issued by State Farm under which Defendants made a claim, provides as follows:

> 2. **Your Duties After Loss.** After a loss to which this insurance may apply, *you* must cooperate with *us* in the investigation of the claim and also see that the following duties are performed:

. . . . *See Exhibit D* at 20 (emphasis ours).

> \* \* \*
>
> d. as often as we reasonably required:
>
>> (2) provide us with any requested records and documents and allow us to make copies;

(3) while not in the presence of any other insured:

    (a) give statements; and

    (b) submit to examinations under oath; and

(4) produce employees, members of the insured's household, or others for examination under oath to the extent it is within the insured's power to do so; and

e. submit to us, within 60 days after the loss, your signed, sworn proof of loss that sets forth, to the best of your knowledge and belief:

(1) the time and cause of loss;

(2) interest of the insured and all others in the property involved and all encumbrances on the property;

(3) other insurance that may cover the loss;

(4) changes in title or occupancy of the property during the term of this policy;

(5) specifications of any damaged structure and detailed estimates for repair of the damage;

(6) an inventory of damaged or stolen personal property described in 2.c.;

(7) receipts for additional living expenses incurred and records supporting the fair rental value loss; and

\* \* \*

Your Sworn Statement in Proof of Loss is an important document in the claim handling process and your policy requires it to be properly completed, signed, notarized and returned within 60 days. Please fill in each and every blank on the Sworn Statement in Proof of Loss and submit it according to the policy conditions.

*See Exhibit D* (Certified Copy of the State Farm Policy)

Further, The policy of insurance issued by State Farm further states, in pertinent part, under SECTION I AND SECTION II – CONDITIONS:

> 17. **Duties Regarding Claim Information**. An **insured** or a legal representative acting on an **insured's** behalf must provide **us** with any requested authorizations related to the claim. **Our** rights as set forth under **Our Rights Regarding Claim Information** of this policy will not be impaired by any:
>
>     a. authorization related to the claim; or

. . . . *See Exhibit D* (emphasis ours).

State Farm is entitled to summary judgment in its favor because the uncontroverted facts show that Defendants breached their obligation to timely and appropriately cooperate with State Farm in the investigative process.

The undisputed facts show that Defendants ignored, refused, and otherwise tampered with State Farm's ability to investigate the claims made thereby prejudicing State Farm's contractual and legal rights as an insurer.

WHEREFORE, State Farm Fire and Casualty Company requests this Court find, declare, and finally adjudicate as follows:

a. The Policy Issued by State Farm Fire and Casualty Company to Patricia Stapp does not provide for Property Coverages with respect to the January 24, 2018 fire at 524 N. Cedarwood, Republic, Greene County, Missouri due to Defendants' breach of the Policy terms;

b. The Policy issued by State Farm Fire and Casualty Company to Defendant Stapp does not provide for Liability Coverages with respect to the January 24, 2018 fire at the Property due to Defendants' breach of the Policy terms;

c. State Farm Fire and Casualty Company does not waive any coverage defenses or future claims available to it now or in the future with regard

to the Loss, Claim, Patricia Stapp, Michael Rogers, Harold Rogers, Linda Rogers, and/or Policy 25-CW-S506-2, including but not limited to a claim for subrogation for the loss on or about January 24, 2018 for the fire damage at 524 N. Cedarwood Avenue, Republic, Greene County, Missouri; and

d. for such other and further relief as the Court deems just, equitable, and proper under the circumstances that may be necessary to achieve justice.

WALLACE SAUNDERS P.C.

BY   /s/ *James L. Sanders*
James L. Sanders          MO #34472
200 NE Missouri Road, Suite 224
Lee's Summit, MO 64086
(816) 251-4544   FAX (913) 888-1065
jsanders@wallacesaunders.com

ATTORNEY FOR STATE FARM FIRE
AND CASUALTY COMPANY

I hereby certify that the above was signed by an attorney of record in this matter and the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all participants, and I mailed a copy of the above and foregoing by first class mail, postage prepaid, to their last known addresses listed below on the 8th day of January, 2020:

Patricia Stapp
4408 S. Main
Joplin, Missouri 64804

DEFENDANT *PRO SE*


Michael Rogers
1645 E. 541st Road
Brighton, Missouri 65617-7224

DEFENDANT *PRO SE*



  /s/ *James L. Sanders*
For the Firm