IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE & CASUALTY CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:19-cv-03336-SRB |
| | ) | |
| MICHAEL ROGERS and PATRICIA STAPP, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff State Farm Fire and Casualty Company's Motion for Summary Judgment. (Doc. #20). For the reasons below, Plaintiff's motion is GRANTED.

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) requires a court to grant a motion for summary judgment if (1) the moving party "shows that there is no genuine dispute of material fact" and (2) the moving party is "entitled to judgment as a matter of law." Material facts are those which "might affect the outcome of the suit under the governing law." *Johnson v. Crooks*, 326 F.3d 995, 1005 (8th Cir. 2003) (internal quotation marks and citation omitted). This case arises from the interpretation and application of an unambiguous contractual provision in an insurance policy. "In disputes involving the interpretation of unambiguous contracts, the Eighth Circuit has consistently upheld the appropriateness of summary judgment." *Riggins v. Am. Family Mut. Ins. Co.*, 281 F.Supp.3d 785, 787 (W.D. Mo. 2017) (quoting *Victor v. Home Sav. of Am.*, 645 F. Supp. 1486, 1489 (E.D. Mo. 1986)).

Rule 56(c) governs the proper procedures for opposing a motion for summary judgment. Rule 56(c) requires a party asserting that a fact is genuinely disputed to support that assertion by

citing to admissible evidence or specific materials in the record. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (a party opposing summary judgment "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial"). In this Court, Local Rule 56.1(b)(1) requires a party opposing summary judgment to admit or controvert each separately-numbered paragraph in the movant's statement of facts, and any denials must be supported in accordance with Rule 56(c). If a party fails to properly address another party's assertion of fact as required under Rule 56(c), a court may deem that fact admitted for purposes of the motion. *See* Fed. R. Civ. P. 56(e). Like any other civil litigant, a *pro se* party is required to respond with specific factual support for his claims to avoid summary judgment. *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001); *see also Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (noting a party's *pro se* status does not entitle him to disregard the Federal Rules of Civil Procedure).

## II. BACKGROUND

State Farm Fire and Casualty Company ("State Farm"), an Illinois insurance company, filed suit in this Court seeking a declaratory judgment against Defendants Michael Rogers ("Rogers") and Patricia Stapp ("Stapp"), who are both Missouri citizens. State Farm filed the instant motion for summary judgment on January 8, 2020. (Doc. #20). On January 29, 2020, Defendants filed a *pro se* document generally denying State Farm's allegations and asking the Court to "let us know what needs to be provided and we will do so." (Doc. #22). The Court granted Defendants an extension of time until February 14, 2020, to file their suggestions in opposition to State Farm's motion for summary judgment. (Doc. #23). In granting them an extension of time to respond, the Court instructed Defendants that their response must comply with Rule 56 and Local Rule 56.1 and detailed the proper procedures for opposing a motion for

summary judgment. Defendants made no additional filings by February 14, 2020, and as of the issuance of this Order, Defendants have still not filed a properly-supported response to State Farm's motion for summary judgment. In turn, this Court deems State Farm's factual assertions as admitted for the purpose of summary judgment pursuant to Rule 56(e). The relevant facts deemed admitted are as follows.

On October 6, 2016, Linda and Harold Rogers executed a contract for deed with Michael Rogers for a parcel of real property located at 542 North Cedarwood Avenue in Republic, Missouri ("the Cedarwood property").[1] Defendant Rogers, his children, and Defendant Stapp begin residing in the Cedarwood property in October 2016. On January 16, 2018, State Farm issued Stapp a homeowner's insurance policy ("the Policy") covering the Cedarwood property. On January 23, 2018, a fire occurred at the Cedarwood property and caused extensive damage. Defendants subsequently filed an insurance claim with State Farm for property damage incurred as a result of the fire.

State Farm began investigating the fire pursuant to the terms of the Policy, which require a policyholder to "cooperate with [State Farm] in the investigation of the claim." (Doc. #21-4, p. 28). Defendants are subject to various duties mandated under the Policy, and the relevant duties in the event of a property damage claim are as follows:

> 2. Your Duties After Loss: After a loss to which this insurance may apply, you must cooperate with [State Farm] in the investigation of the claim and also see that the following duties are performed:
> …
> c. prepare an inventory of damaged or stolen personal property:
>     (1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and
>     (2) attaching all bills, receipts, and related documents that substantiate the

---

[1] The Court notes the contract of deed refers to a property located at 524 North Cedarwood Lane, (Doc. #21-1, p. 24), while all other relevant documents provided in this case, including the Policy, list the address as 524 North Cedarwood Avenue.

>>>>figures in the inventory;

>>d. as often as [State Farm] reasonably require[s]:
>>>(1) exhibit the damaged property;
>>>(2) provide [State Farm] with any requested records and documents and allow [State Farm] to make copies;
>>>(3) while not in the presence of any other insured:
>>>>(a) give statements; and
>>>>(b) submit to examinations under oath; and
>>>(4) produce employees, members of the insured's household, or others for examination under oath to the extent it is within the insured's power to do so; and

>>e. submit to us, within 60 days after the loss, your signed, sworn proof of loss that sets forth, to the best of your knowledge and belief:
>>>(1) the time and cause of loss;
>>>(2) interest of the insured and all others in the property involved and all encumbrances on the property;
>>>(3) other insurance that may over the loss;
>>>(4) changes in title or occupancy of the property during the term of this policy;
>>>(5) specifications of any damaged structure and detailed estimates for repair of the damage;
>>>(6) an inventory of damaged or stolen personal property described in 2.c;
>>>(7) receipts for additional living expenses incurred and records supporting the fair rental value loss[.]

(Doc. #21-4, p. 28). Pursuant to its investigation of Defendants' claim, State Farm requested the following: (1) "contents collaboration" documentation on February 6, 2018; (2) a sworn "proof of loss" and "authorization" documentation on February 12, 2018; and (3) contents collaboration, proof of loss, authorization, and the contract for deed on the Cedarwood property on March 15, 2018. (Doc. #21-1, p. 1).

When neither Stapp nor Rogers produced the requested documentation, State Farm notified Defendants on March 20, 2018, that their noncompliance constituted a breach of their duties required under the Policy. State Farm sent another letter on April 4, 2018, again asking Defendants to produce the requested documentation. Defendants did not respond. State Farm sent Defendants a reservation of rights letter on April 18, 2018, notifying Stapp and Rogers that

4

State Farm may not be obligated to indemnify them due to questions raised about the origin and cause of the fire, whether they had intentionally concealed or misrepresented the facts and/or circumstances relating to the Policy, and whether they had cooperated with State Farm's investigation.

Continuing its investigation of Defendants' claim, State Farm retained counsel to conduct Defendants' examinations under oath. Examinations for both Stapp and Rogers were slated to take place on May 10, 2018. Stapp cancelled her scheduled examination and never appeared. Rogers appeared as scheduled, but he stopped the examination after twenty minutes, stating he did not want to proceed any further and that he planned to hire an attorney. Before ending his examination, Rogers produced the following documents: (1) a 2017 Greene County real estate tax statement for the Cedarwood property, (2) a Contract for Deed for the Cedarwood property, (3) an itemized list of personal property damaged in the fire and that property's estimated value, and (4) a Republic Fire Department investigation report on the Cedarwood property fire. After several unsuccessful rescheduling attempts, counsel for State Farm arranged for Defendants to complete their examinations under oath on November 13, 2018. On November 13, 2018, neither Rogers nor Stapp appeared for their examination.

State Farm subsequently filed suit on September 19, 2019. State Farm raises a single cause of action in its complaint, alleging Defendants' breached their duty of cooperation to State Farm and prejudiced State Farm's investigation, thereby allowing it to disclaim coverage. (Doc. #1, ¶¶ 24–34). In its request for relief, State Farm asks this Court for a declaration that: (1) "the Policy issued by State Farm to Defendant Stapp does not provide for Property Coverages with respect to the January 24, 2018 fire at the [Cedarwood property] due to Defendants' breach of the Policy terms," and (2) "the Policy issued by State Farm to Defendant Stapp does not provide

for Liability Coverages with respect to the January 24, 2018 fire at the [Cedarwood property] due to Defendants' breach of the Policy terms."[2] (Doc. #1, ¶¶ 37–38). After receiving multiple extensions of time to answer or otherwise respond to State Farm's complaint, Defendants filed a *pro se* answer on December 16, 2019. (Doc. #19). In their answer, Defendants generally state the Policy covers their property damage claim and that they both participated in examinations under oath, in addition to accusing State Farm of delaying the claim process.

### III. DISCUSSION

State Farm argues it is entitled to summary judgment because the uncontroverted facts show Defendants materially breached their duty under the Policy to cooperate with State Farm during the investigative process. Because Defendants failed to properly respond to State Farm's motion for summary judgment, State Farm's factual assertions are deemed admitted for the purpose of summary judgment.

Since jurisdiction in this case is based on diversity of citizenship, state law governs any substantive legal issues. *Paine v. Jefferson Nat. Life Ins. Co.*, 594 F.3d 989, 992 (8th Cir. 2010). The parties do not dispute that Missouri substantive law applies. "Missouri courts have consistently acknowledged an insurer's right to a complete investigation of a claim, including examinations, and have found that the insured's failure to assist in the investigation precludes any coverage." *Roller v. Am. Modern Home Ins. Co.*, 484 S.W.3d 110, 116 (Mo. App. W.D.

---

[2] In its complaint, State Farm also asks this Court to enter a decree "that, by seeking a declaratory judgment, State Farm does not waive any coverage defenses or future claims available to it now or in the future with regard to the Loss, Claim, Patricia Stapp, Michael Rogers, Harold Rogers, Linda Rogers and/or [the Policy]." (Doc. #1, ¶ 39). However, such prospective relief does not appear to be appropriate here. A district court may only grant declaratory relief if there is a substantial and definite controversy between parties with adverse legal interests of sufficient immediacy. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted). State Farm cites no legal authority showing it is entitled the specific decree that it seeks, and the Court declines to grant this specific request for declaratory relief given its speculative and hypothetical nature.

2015); *see also Union Ins. Co. of Providence v. Williams*, 261 F.Supp.2d 1150, 1152 (E.D. Mo. 2003) (noting that a so-called "cooperation clause" is valid and enforceable under Missouri law). "To deny liability coverage under such a provision, an insurer must prove: (1) a material breach of the cooperation clause; (2) the existence of substantial prejudice as a result of the breach; and (3) the exercise of reasonable diligence to secure the insured's cooperation." *Med. Protective Co. v. Bubenik*, 594 F.3d 1047, 1051 (8th Cir. 2010); *see also Roller*, 484 S.W.3d at 116 (citing *Williams*, 261 F.Supp.2d at 1152).

The Court finds State Farm has demonstrated that Defendants, by failing to provide all the requested documentation and complete examinations under oath, materially breached their duty to cooperate with State Farm's investigation. State Farm also demonstrates Defendants' lack of cooperation occurred despite State Farm's diligent attempts to secure their compliance. Under Missouri law, an insurer's right to a complete investigation extends to the right to request records and documents in the insured's possession. *Roller*, 484 S.W.3d at 117. Over the span of several months, State Farm sent multiple letters to both Stapp and Rogers detailing their duty to cooperate under the Policy and the specific documentation State Farm needed to perform its investigation. The factual record shows Defendants did not provide all of the documentation required under the Policy to State Farm in the manner or timeframe requested. Though Rogers did produce some relevant documents prior to abruptly terminating his initial examination under oath with State Farm's counsel, e.g. a contract for deed on the Cedarwood property, neither he nor Stapp produced the "contents collaboration," "authorization," or a "sworn proof of loss" as requested by State Farm and required under the Policy. While the documents Rogers produced do include information relevant to State Farm's investigation, those documents appear to be both incomplete and untimely provided. Further, State Farm's counsel was unable to complete

7

Defendants' examinations under oath despite repeated attempts to do so. In sum, the factual record indicates Defendants were aware of their duties under the Policy but declined to comply with them. Not only do the undisputed facts show Defendants materially breached their duty to cooperate, but State Farm also demonstrates that it exercised reasonable diligence in attempting to secure Defendants' cooperation.

As to whether State Farm has suffered substantial prejudice, State Farm argues that Defendants' lack of cooperation prevented it from investigating the claim in a fair or timely manner. The Court agrees. "Prejudice can be established when the insured fails to comply with a reasonable examination request because the insured has perhaps the greatest knowledge of the circumstances." *Roller*, 484 S.W.3d at 116 (internal quotation marks and citation omitted); *see also Wiles v. Capitol Indem. Corp.*, 215 F.Supp.2d 1029, 1032 (E.D. Mo. 2001) (noting that cooperation clauses are designed so insurers can obtain all of the material facts and properly "decide upon their obligations" and "protect themselves against false claims"). As discussed previously, State Farm made reasonable efforts to schedule an examination under oath with each Defendant and obtain the documentation it requested. By refusing to submit to examinations and supply the requested documents, Defendants prevented State Farm from obtaining the material information it needed to complete a fair, full, and timely investigation of the claim and determine its obligations under the Policy. Such a refusal to cooperate is "clearly prejudicial." *Wiles*, 215 F.Supp.2d at 1032; *see also E. Attucks Cmty. Hous., Inc. v. Old Republic Sur. Co.*, 114 S.W.3d 311, 327 (Mo. App. W.D. 2003) ("[W]e have no quarrel with the fact that an insured's refusal to answer questions under oath as to the underlying material facts of the claim can bar recovery.").

Given that State Farm has satisfied its burden of proof by putting forth undisputed facts that satisfy the elements of its claim, the Court hereby grants State Farm's motion for summary

8

judgment. In turn, the Court declares: (1) the Policy issued by State Farm to Stapp does not provide for property coverages with respect to the fire that occurred on January 24, 2018, at the Cedarwood property; and (2) the Policy issued by State Farm to Stapp does not provide for liability coverages with respect to the fire that occurred on January 24, 2018, at the Cedarwood property.

## IV. CONCLUSION

Accordingly, Plaintiff State Farm Fire and Casualty Company's Motion for Summary Judgment (Doc. #20) is GRANTED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: February 21, 2020